# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 19-021 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DERRICK LEE WEYAUS, | |
| Defendant. | |

The above-entitled matter is before the Court on Defendant's Motion for Furlough directing the United States Marshal Service to escort him or alternatively allowing an individual named Michelle J. Benjamin to escort him on October 15, 2019 at 10:00 a.m. from the Anoka County Jail to the Mille Lacs Band Community Center located in Onamia, Minnesota for a visit with his minor children from 11:30 a.m. to 2:00 p.m. and then returning to the Anoka County Jail by 4:00 p.m. The government opposes Defendant's motion.

Based upon the presentations of counsel and the Court having reviewed the file in this matter, including his current status, and being otherwise duly advised in the premises, hereby enters the following:

**ORDER**

1. The Court respectfully **DENIES** Defendant's motion for furlough.

2. The attached Memorandum is made a part hereof.

Dated: October 2, 2019         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge

**MEMORANDUM**

There is no question that the Defendant has a very important and good faith reason to request his furlough to visit with his 3-year old and 2-year old sons. Moreover, the Court does not dispute that that would likely serve the best interest of his sons. The Court also understands that given the lack of personal visitation between Defendant and family members at both Anoka County and Sherburne County that that is an additional reason for the Defendant's motion.

However, the Court at this time has respectfully denied the motion not just because the Court declines to release the Defendant without law enforcement supervision, but the Court is not in a position to utilize resources for a travel to Onamia, Minnesota even for an important visit like this given Defendant's sentencing AND the fact that personal visitation is allowed at all federal prisons unlike the local county jails. Admittedly, the indigent status of the Defendant as appropriately raised by defense counsel may well stand in the way of that type of visitation depending on what prison is designated for the Defendant by the Bureau of Prisons. However, without making any guarantees to the Defendant, the Court will work with the Defendant, his counsel and the resources of the Court and local programs to recommend such a visitation once the Defendant is designated to a federal prison facility. Moreover, the Court will strongly recommend to the BOP that the Defendant be placed in a Minnesota facility, or as close to Minnesota as possible, so that he can be close to his young sons. There are a number of increasing visitation programs and hopefully the Court can work with everyone to

make that happen, not just in the best interest of his children, but it certainly promotes rehabilitation on the part of the Defendant which serves everyone's interest.

For these reasons the Court has respectfully denied the Defendant's motion.

DWF